16-2022-CA-005821-XXXX-MA Div: CV-B

Filing # 158865735 E-Filed 10/10/2022 09:54:26 AM

2023·CA·208

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR CLAY
COUNTY, FLORIDA

CASE NO:
DIVISION:

**ROBERT MORRIS** and
**SUSAN MORRIS,**

      **Plaintiffs,**

vs.

**FAMILY DOLLAR STORES OF
FLORIDA, LLC,** a Foreign Limited
Liability Company; **PEPSICO, INC.,**
a Foreign Profit Corporation; and **JOHN
DOE,** an individual,

      **Defendants.**

_____/

## COMPLAINT

Plaintiffs, **ROBERT MORRIS** and **SUSAN MORRIS,** sue Defendants, **FAMILY
DOLLAR STORES OF FLORIDA, LLC,** a Foreign Limited Liability Company, **PEPSICO,
INC.,** a Foreign Profit Corporation, and **JOHN DOE,** an individual; (collectively
"Defendants"), and alleges:

### COMMON ALLEGATIONS AS TO ALL DEFENDANTS

1.    This is an action for damages that exceeds the sum of THIRTY THOUSAND
DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of
Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21,
Fla. Const.

2.    Plaintiff, **ROBERT MORRIS,** is a natural person residing in Duval County,
Florida.

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 10/10/2022 02:06:05 PM

3.     At all times material to this action, Defendant, **FAMILY DOLLAR STORES OF FLORIDA, LLC, A Foreign Limited Liability Company,** (hereinafter "FAMILY DOLLAR") , is a Foreign Profit Corporation licensed to do business in the State of Florida and actually conducting business in Clay County, Florida.

4.     At all times material to this action, Defendant, **PEPSICO, INC.,** (hereinafter "PEPSI"), is a Foreign Profit Corporation licensed to do business in the State of Florida and actually conducting business in Clay County, Florida

5.     At all times material hereto, Defendant, **FAMILY DOLLAR** and **JOHN DOE** was the owner and employee and in possession and control of that certain business located at 4249 County Road 218, Middleburg, FL, 32068, Clay County, Florida, (hereinafter "Premises") open to the general public, including the Plaintiff herein.

6.     On or about June 30, 2021, Plaintiff, **ROBERT MORRIS,** visited the Premises located at the above address as a business invitee and/or guest, and as Plaintiff was walking, Plaintiff tripped over a pallet of soda cases that **PEPSI** delivery person left in the walkway near the cashiers, causing Plaintiff to fall and sustain serious injuries.

7.     At said time and place, Plaintiff, **ROBERT MORRIS,** was a lawfully guest upon the premises of the Defendant, **FAMILY DOLLAR** and **JOHN DOE** who owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.

8.     Venue in Clay County, Florida is proper as the injuries sustained by Plaintiff, **ROBERT MORRIS,** occurred at 4249 County Road 218, Middleburg, FL, 32068, Clay County, Florida.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, FAMILY DOLLAR STORES OF FLORIDA, LLC, A FOREIGN LIMITED LIABILITY COMPANY

9.     Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through eight (8) as if fully set forth herein.

10.    At said time and place, Defendant owed Plaintiff duties to maintain the Premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on the Premises.

11.    At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)    Negligently failing to maintain or adequately maintain the walkway at the premises near the cash registers, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b)    Negligently creating a tripping hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c)    Negligently failing to inspect or adequately inspect the walkway of the premises, as specified above, to ascertain whether the walkway, which was poorly maintained, constituted a hazard to patrons utilizing said walkway, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d)    Negligently failing to inspect or adequately warn the Plaintiff of the danger of the walkway on the premises, when Defendant knew or through the exercise of reasonable care should have known that said premises' walkway was unreasonably dangerous and that Plaintiff was unaware of same;

e)    Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the walkway, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)    Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the walkways for dangerous conditions;

g)   Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the walkway for dangerous conditions;

h)   Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)   Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the walkway despite knowledge of prior trip and falls at the subject location caused by dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)   Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)   Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l)   Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

m)   Negligently failing to act reasonably under the circumstances;

n)   Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o)   Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

p)   Negligently failing to maintain and provide a safe walking surface on the subject premises;

12.   As a result, while Plaintiff was visiting Defendant's business, he tripped and fell over a pallet of soda cases that **PEPSI** delivery person left in the walkway near the cashiers of the **FAMILY DOLLAR** store, sustaining significant personal injuries.

13.     As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, activation of a latent condition, and aggravation of previously existing condition.   The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, **ROBERT MORRIS**, sues the Defendant, **FAMILY DOLLAR STORES OF FLORIDA, LLC, A Foreign Limited Liability Company,** for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

### COUNT II – CLAIM OF NEGLIGENCE AGAINST DEFENDANT, PEPSICO, INC.

14.     Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through eight (8) as if fully set forth herein.

15.     At said time and place, Defendant owed Plaintiff duties to maintain the Premises in a reasonably safe condition, and to warn Plaintiff of dangerous conditions on the Premises.

16.     At said time and place, Defendant, **PEPSICO, INC., a Foreign Profit Corporation,** breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

    a)     Negligently failing to maintain or adequately maintain the walkway in its work area at the premises, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    b)     Negligently creating in its wok area a tripping hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c)    Negligently failing to inspect or adequately inspect the walkway of the premises in its wok area, as specified above, to ascertain whether the walkway, which was poorly maintained, constituted a hazard to patrons utilizing said walkway, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d)    Negligently failing to inspect or adequately warn the Plaintiff of the danger of the walkway in its work area on the premises, when Defendant knew or through the exercise of reasonable care should have known that said premises' walkway was unreasonably dangerous and that Plaintiff was unaware of same;

e)    Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the walkway in its work area, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)    Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the walkways in its work area for dangerous conditions;

g)    Negligently failing to train and/or inadequately training its employees to inspect and maintain the walkway in its work area to prevent dangerous conditions;

h)    Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)    Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the walkway in its work area despite knowledge of prior trip and falls caused by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)    Negligently failing to enforce its stated policy that all employees are responsible for inspecting floor surfaces in Defendant's work area for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)    Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring in Defendant's work area;

l)    Negligently failing to assign specific employees to the task of solely monitoring the floor in Defendant's work area for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

m)    Negligently failing to act reasonably under the circumstances;

n)    Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o)    Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

p)    Negligently failing to maintain and provide a safe walking surface in Defendant's work area;

17.    As a result, while Plaintiff was visiting Defendant's business, he tripped and fell over a pallet of soda cases that **PEPSI** delivery person left in the walkway near the cashiers of the **FAMILY DOLLAR** store, sustaining significant personal injuries.

18.    As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, activation of latent conditions, and/or aggravation of previously existing conditions. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, **ROBERT MORRIS**, sues the Defendant, **PEPSICO, INC., a Foreign Profit Corporation**, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

### COUNT III – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, JOHN DOE, AN INDIVIDUAL

19.    Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through eight (8) as if fully set forth herein.

20.    At said time and place, Defendant owed Plaintiff duties to maintain the Premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on the Premises.

21.    At said time and place, Defendant, **JOHN DOE**, breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)    Negligently failing to maintain or adequately maintain the walkway at the premises, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b)    Negligently creating a tripping hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c)    Negligently failing to inspect or adequately inspect the walkway of the premises, as specified above, to ascertain whether the walkway, which was poorly maintained, constituted a hazard to patrons utilizing said walkway, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d)    Negligently failing to inspect or adequately warn the Plaintiff of the danger of the walkway on the premises, when Defendant knew or through the exercise of reasonable care should have known that said premises' walkway was unreasonably dangerous and that Plaintiff was unaware of same;

e)    Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the walkway, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)    Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the walkways for dangerous conditions;

g)    Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the walkway for dangerous conditions;

h)    Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)   Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the walkway despite knowledge of prior trip and falls at the subject location caused by dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)   Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)   Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l)   Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

m)   Negligently failing to act reasonably under the circumstances;

n)   Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o)   Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

p)   Negligently failing to maintain and provide a safe walking surface on the subject premises;

22.   As a result, while Plaintiff was visiting Defendant's business, he tripped and fell over a pallet of soda cases that **PEPSI** delivery person left in the walkway near the cashiers of the **FAMILY DOLLAR** store, sustaining significant personal injuries.

23.   As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, activation

of a latent condition, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, **ROBERT MORRIS**, sues the Defendant, **JOHN DOE, an induvial**, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT IV – LOSS OF CONSORTIUM

24.    Plaintiff, SUSAN MORRIS, reasserts and re-alleges each and every allegations contained within paragraphs one (1) through eight (8) as if fully set forth herein.

25.    At all times material hereto, Plaintiff SUSAN MORRIS, was and is the wife of Plaintiff ROBERT MORRIS, and they were residing together under this family relationship.

26.    As the direct and proximate result of the aforesaid negligence, Plaintiff, SUSAN MORRIS, suffered in the past and will continue to suffer in the future the loss of the comfort, society, consortium and services of husband, ROBERT MORRIS.

WHEREFORE, the Plaintiff, **SUSAN MORRIS**, sues the Defendants, **FAMILY DOLLAR STORES OF FLORIDA, LLC, a Foreign Limited Liability Company, PEPSICO, INC., a Foreign Profit Corporation**, and **JOHN DOE, an individual** for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiffs, **ROBERT MORRIS and SUSAN MORRIS**, demand trial by jury on all issues triable.

**RESPECTFULLY** submitted this 10th day of October, 2022.

**MORGAN & MORGAN**

*/s/ Nelson E. Sierra*
**NELSON E. SIERRA, ESQ.**
Florida Bar No.: 124247
501 Riverside Ave, Suite 1200
Jacksonville, FL 32202
Telephone:    (904) 398-2722
Fax:            (904) 456-6846
Primary E-mail:  nsierra@forthepeople.com
Secondary E-mail: kpolizzi@forthepeople.com
*Attorney for Plaintiff*