**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ROBERT MORRIS and SUSAN
MORRIS,

    Plaintiffs,

v.                                          Case No. 3:23-cv-422-TJC-JBT

FAMILY DOLLAR STORES OF
FLORIDA, LLC, a Foreign Limited
Liability Company, PEPSICO, INC.,
a Foreign Profit Corporation, and
JOHN DOE, an individual,

    Defendants.

## O R D E R

This personal injury case was removed from state court based on diversity jurisdiction. (Doc. 1). Defendant Family Dollar Stores of Florida, LLC asserts that Plaintiffs Robert and Susan Morris are citizens of Florida and Defendants Family Dollar and PepsiCo, Inc. are citizens of Delaware, Virginia, North Carolina, and New York. (Doc. 1 ¶¶ 4, 6–7). After removal, Plaintiffs amended their complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1) to add an additional Defendant, Dona Kutch,[1] an individual who Family Dollar seems to imply is a citizen of Florida. See (Doc. 13 ¶¶ 25–31);

---

[1] Family Dollar asserts that she is properly named Dana Kutch. (Doc. 16 at 4, 35).

(Doc. 16 at 4). The case is now before the Court on Family Dollar's Motion to Dismiss Count III of Plaintiffs' Amended Complaint in which Family Dollar argues that Kutch was fraudulently joined to defeat diversity of citizenship. (Doc. 16 at 4–5). Plaintiffs responded in opposition. (Doc. 17).

While Plaintiffs were permitted to amend their complaint under Rule 15(a), 28 U.S.C. § 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Eleventh Circuit has instructed:

> In deciding whether to permit a plaintiff to join a nondiverse defendant after removal, a district court should "consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking for amendment, whether [the] plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." [Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)]. The district court then must balance the equities and decide whether the amendment should be permitted. If the court permits the joinder of the nondiverse defendant, it must remand the case to state court. If it declines to allow the joinder, the federal court maintains jurisdiction. Id.
> In general, a district court has broad discretion in weighing these factors to decide whether to permit or deny an amendment. See id.

Dever v. Fam. Dollar Stores of Georgia, LLC, 755 F. App'x 866, 869 (11th Cir. 2018);[2] Hickerson v. Enter. Leasing Co. of Georgia, LLC, 818 F. App'x 880, 885–

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited when the Court finds them persuasive on a

86 (11th Cir. 2020) (applying the Hensgens factors); Lockhart v. Greyhound Lines, Inc., No. 2:22-CV-473-SPC-KCD, 2023 WL 155279, at *3–4 (M.D. Fla. Jan. 11, 2023) (same). The parties did not address these issues in their briefs.[3]

Family Dollar's Notice of Removal is also deficient. Family Dollar has failed to establish Plaintiffs' citizenships. Family Dollar states that Plaintiffs are citizens of Florida, but the Complaint only alleges the parties' residencies. See (Doc. 1 ¶ 4); (Doc. 4 ¶¶ 2, 25); Scoggins v. Pollock, 727 F.2d 1025, 1026 (11th Cir. 1984) (describing the citizenship standard for persons as (1) physical presence and (2) an intention to remain there indefinitely). Family Dollar has also failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.[4] See Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005) ("Where the plaintiff has not [pled] a specific

---

particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

[3] Family Dollar argued that Kutch was fraudulently joined and that Count III should be dismissed because Plaintiffs fail to state a cognizable claim. See (Doc. 16). However, fraudulent joinder is a removal doctrine, and Kutch was joined after removal. See (Docs. 1, 4, 13); Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1380 (11th Cir. 1998) ("The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.") (emphasis added). And the Court cannot rule on the merits of Plaintiffs' claims unless it has jurisdiction over the claims.

[4] After removal, Plaintiffs amended their complaint to include an allegation that the amount in controversy exceeds $75,000, but this allegation is unsupported by additional factual allegations. See (Doc. 13 ¶ 1).

3

amount of damages[,] the defendant is required to show by a preponderance of the evidence that the amount in controversy can be satisfied.") (internal quotation marks and citation omitted). Family Dollar's evidence of the amount in controversy includes (1) unsupported allegations regarding Plaintiffs' injuries [5] and (2) Plaintiffs' civil cover sheet where they indicate that the amount in controversy exceeds $75,000. See (Doc. 1 ¶¶ 12, 13). Civil cover sheets are used for "data collection and clerical processing purposes only," Bell v. Ace Ins. Co. of the Midwest, No. 2:20-CV-309-JLB-NPM, 2020 WL 7396934, at *3 (M.D. Fla. Dec. 17, 2020) (citing Fla. R. Civ. P. Form 1.997), and are not indicative of the amount in controversy absent additional facts. See Durshimer v. LM Gen. Ins. Co., No. 8:20-CV-2014-T-33AEP, 2020 WL 5366721, at *2 (M.D. Fla. Sept. 8, 2020); Potter v. Coastal Auto. Reconditioning, LLC, No. 3:21-CV-461-MMH-MCR, 2021 WL 2103073, at *2 (M.D. Fla. May 25, 2021).[6] The Court

---

[5] Specifically, Defendants allege:

> Correspondence, medical records, and bills received to date indicate that Plaintiff Robert Morris sustained injuries to his lower back, left hip, neck, right shoulder, bilateral wrists, and bilateral ankles. He was treated by several doctors for his injuries and will continue to treat for these injuries in the future.

(Doc. 1 ¶ 12).

[6] The Court acknowledges that Judge Davis in Seaman v. Holiday CVS, LLC, held that the amount in controversy was satisfied where the evidence presented included a civil cover sheet indicating that the amount in controversy exceeded $100,000 and broad allegations that the plaintiff's injuries were "permanent or continuing." (Doc. 21, 3:22-cv-76-BJD-PDB (M.D. Fla. 2022)). However, given the nature of the injuries alleged here, the Court finds that

4

requires more information before it can determine whether it has jurisdiction over the case.

Accordingly, it is hereby

**ORDERED:**

1. Defendants shall file a supplement addressing the issues raised in this Order no later than **July 17, 2023**.

2. Plaintiffs may respond no later than **July 31, 2023**.

**DONE AND ORDERED** in Jacksonville, Florida the 26th day of June, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Counsel of record

---

additional evidence is required.