# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ROBERT MORRIS and SUSAN MORRIS,

    Plaintiffs,

v.                                                                Case No. 3:23-cv-422-TJC-JBT

FAMILY DOLLAR STORES OF FLORIDA, LLC, a Foreign Limited Liability Company, PEPSICO, INC., a Foreign Profit Corporation, and JOHN DOE, an individual,

    Defendants.

## O R D E R

On April 11, 2023, this personal injury case was removed from state court by Defendant Family Dollar Stores of Florida, LLC based on diversity jurisdiction. (Doc. 1). After removal, Plaintiffs Susan and Robert Morris amended their complaint to add an additional nondiverse Defendant, Dona Kutch.[1] See (Doc. 13 ¶¶ 25–31); (Doc. 16 at 4). Family Dollar moved to dismiss Plaintiffs' claims against Kutch for failure to state a claim (Doc. 16) and Plaintiffs responded (Doc. 17). The Court then directed Family Dollar to supplement its jurisdictional allegations and to discuss whether joinder of

---

[1] Family Dollar asserts that she is properly named Dana Kutch. (Doc. 16 at 4, 35); (Doc. 22 ¶ 10).

Kutch was appropriate under 28 U.S.C. § 1447(e). See (Doc. 19). The Court provided Plaintiffs an opportunity to respond, and they opted not to do so. See id. Upon review of Family Dollar's supplement,[2] the Court is assured that Plaintiffs and Defendants (except Kutch) are diverse and that the amount in controversy exceeds $75,000. See (Doc. 22). Thus, the Court must now decide whether joinder of Kutch was proper under § 1447(e).[3]

As the Court noted in its June 26, 2023 Order:

> In deciding whether to permit a plaintiff to join a nondiverse defendant after removal, a district court should "consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking for amendment, whether [the] plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." [Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)]. The district court then must balance the equities and decide whether the amendment should be permitted. If the court permits the joinder of the nondiverse defendant, it must remand the case to state court. If it declines to allow the joinder, the federal court maintains jurisdiction. Id.
>
> In general, a district court has broad discretion in weighing these factors to decide whether to permit or deny an amendment. See id.

---

[2] Family Dollar originally filed an unredacted supplement and exhibit which containing Plaintiffs' personal information. See (Doc. 20). Family Dollar later filed a redacted version. (Doc. 22). The unredacted supplement and accompanying exhibit (Docs. 20, 20-1) will be **STRICKEN** from the record.

[3] Section 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

2

(Doc. 19 at 2) (quoting <u>Dever v. Fam. Dollar Stores of Georgia, LLC</u>, 755 F. App'x 866, 869 (11th Cir. 2018)).[4] Family Dollar argues that these factors weigh in favor of dismissing Kutch because Plaintiffs did not add claims against Kutch until after removal, Plaintiffs have not made the effort to correct Kutch's first name in the amended complaint, Plaintiffs have not filed proposed summons or otherwise attempted to serve Kutch, and Plaintiffs have failed to state a claim against Kutch. (Doc. 22 at 5–6).

Upon review of the record, § 1447(e), and the <u>Hensgens</u> factors, the balance of the equities weigh in favor of denying joinder and dismissing Plaintiffs' claims against Kutch. Plaintiffs' original complaint included a claim against "John Doe, an Individual," who allegedly failed to maintain the premises, negligently created a tripping hazard, and failed to inspect the premises (among other things). (Doc. 4 ¶ 21). The amended complaint includes the same count and allegations against Kutch. (Doc. 13 ¶¶ 26–31). This adds credence to the possibility that Plaintiffs did not add Kutch for the sole purpose of defeating federal jurisdiction. However, the allegations are boilerplate premises liability allegations, and the Court questions Plaintiffs' lack of effort in prosecuting their claims against Kutch. Plaintiffs filed their amended

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited when the Court finds them persuasive on a particular point. See <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

complaint on May 5, 2023 (Doc. 13), Defendants answered on May 11 and 19, 2023 (Docs. 14–15), and the Court did not ask for the supplement regarding § 1447(e) until June 26, 2023 (Doc. 19). Plaintiffs' deadline to serve Kutch has passed and they have not requested additional time to serve Kutch. See FED. R. CIV. P. 4(m). Further, Plaintiffs offer no reasons why they delayed in joining Kutch. And while Plaintiffs do not address the issue, there is nothing in the record that indicates that Plaintiffs would not be afforded complete relief if they were to succeed on their remaining claims. Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' claims against Defendant Kutch are **DISMISSED without prejudice**. The Clerk is directed to terminate Defendant Kutch as a party.

2. Defendant Family Dollar's Motion to Dismiss Count III (Doc. 16) is **DENIED as moot**.

3. The Clerk is directed to **STRIKE** Defendant Family Dollar's unredacted response (Doc. 20) and exhibit (Doc. 20-1) from the record.

4. The Court will separately enter a Case Management and Scheduling Order.

**DONE AND ORDERED** in Jacksonville, Florida the 25th day of August, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Counsel of record